# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed November 28, 1910.

## STATE OF MARYLAND
## VS.
## ROBERT J. PADGETT, FORMERLY SHERIFF OF BALTIMORE CITY.

*Attorney-General Straus* for plaintiff.
*Charles R. Schirm* for defendant.

ELLIOTT, J.—

On hearing of defendant's exceptions to the answer of plaintiff to his demand for a bill of particulars.

The present suit is the fourth of a series of actions instituted by the State of Maryland, through its Attorney-General, Isaac Lobe Straus, Esq., against certain individual defendants, each of whom had occupied the position as Sheriff of Baltimore City.

The avowed object of the suits is to recover certain monies alleged to have been received by the defendants during their respective terms of office, as fees for the discharge of official duties, in excess of an annual salary of $3,000 and the expenses of the office for the time being.

The motion is based upon the provisions of the State Constitution, which recites in Article XV, Section 1: "No person holding any office created by or existing under this Constitution or laws of the State, * * * shall receive more than $3,000 a year, as a compensation for the discharge of his official duties, except in cases specifically provided in this Constitution."

There is no provision at variance with this.

The same article and section however, authorizes every person holding any office created by or existing under the Constitution or laws of the State, "whose pay or compensation is derived from fees or monies coming into his hands for the discharge of his official duties "to retain a sum sufficient for his salary or compensation for the discharge of his duties, and for the expenses of his office, "and requires him to yearly pay over to the Treasurer of the State the amount of any excess.

As a means and method of ascertaining such excess it is likewise provided that such officer "shall keep a book in which shall be entered every sum or sums of money received by him, or on his account, as a payment or compensation for the performance of his official duties."

It is also required that a copy of "the entries in said book, verified by the oath of the officer by whom it is directed to be kept, shall be returned yearly to the Comptroller of the State for his inspection and that of the General Assembly."

Based upon the provisions of law above quoted, the State of Maryland has brought this suit against Robert J. Padgett, an ex-Sheriff of Baltimore City, alleging that during the year ending December 8th, 1908, the defendant received and retained an amount of money, coming into his hands for the discharge of his official duties, in excess of the amount allowed him by law for salary and the expenses of his office.

The declaration filed contains six common counts in assumpsit, and a special count in which it is specially set out that certain fees were received by the defendant, during the period mentioned as fees for the discharge of his duties as Sheriff, in excess of the amount which he was authorized by law to retain for salary and the expenses of his office, giving the amount of said excess, which amount the defendant is alleged to have failed to pay over to the State, and still refuses to pay over.

The defendant having been duly summoned, has appeared to the suit by appearance entered through counsel, and demanded a bill of particulars of the plaintiff's claim.

In response to the defendant's demand for a bill of particulars, the plaintiff has answered, alleging that it has already sufficiently set forth the particulars of its claim in the statement accompanying the declaration.

In said answer the plaintiff also avers that the particulars of the plain-

tiff's claim, based, as it is alleged, to be upon the accounts kept by the defendant, as required by law, are already within the defendant's knowledge and that he is not entitled to be further informed.

To this answer of the plaintiff, the defendant has excepted, for certain reasons given, namely:

First. That the answer is insufficient.

Second. Because the State Auditor has examined the accounts of defendant and passed them as correct.

Third. Because the comptroller has made oath to the claim of the State, it must be taken to be in possession of the particulars of its claim.

Fourth. Because the defendant is not informed as to the particulars of the plaintiff's claim.

Fifth. And for other reasons to be shown at the hearing.

A hearing has been before this court on the defendant's exceptions to the answer of the plaintiff, and it remains for the court either to require the plaintiff to make known to the defendant the particulars of its claim, because the same has not yet been sufficiently disclosed, or by overruling the exceptions of the defendant, require him to plead to the action instituted against him.

The object and function of a bill of particulars are too well understood to require any special mention here, and it cannot be doubted that when a defendant is brought into court to answer the demand of a plaintiff he is entitled to know exactly what the demand is and upon what grounds it is based.

Not only that, but the plaintiff must be taken as knowing exactly what the particulars of his claim are, and therefore in a position to make them known to the defendant if demanded.

The plaintiff is not compelled to make known the evidence which would prove his case, but he must at least show what his claim is.

On the other hand, if the defendant at the time of the action, is so far in the possession of knowledge of the plaintiff's demand as to know what it is and upon what based, it logically follows that the reason for which a bill of particulars could be demanded,

namely, in order to inform the defendant, is lacking; and the demand will be refused.

From the nature of the present proceeding it must be clear that when a public officer is sued for an accounting of fees which he is alleged to have collected, it would be fair to conclude that the officer himself is the one best qualified to know what has been collected, and that in no event could the State know, except as told by him, or because in some other way it has discovered what he must be taken as already knowing.

The law cannot be supposed to require the doing of an unnecessary thing.

In the argument before the court reference was made to a number of cases in which it was decided that a plaintiff was not entitled to a judgment against the defendant, because he had not sufficiently set out the particulars of his claim, but those were cases under the Practice Acts in Baltimore City, for the obtaining of speedy judgments, and are not in point here.

The final question, therefore, is as to whether or not the statement filed by the State with the declaration sufficiently apprises the defendant of the demand made upon him.

The statement is in these words "for amount retained as Sheriff of Baltimore City for the year ending December 8th, 1908, in excess of salary ($3,000) for said year, and of —— expenses of said office for said years."

The defendant was by law, required to keep a book in which should be set down every fee received by him in the performance of his official duties; he was required to return a verified copy of the book to the Comptroller of the State; he was also required to pay over to the treasurer of the State, the excess of all fees of his office, above an amount equal to the sum of his salary and the expenses of his office, which expenses he was in the best position to know.

It cannot, therefore, be said that the defendant does not already know the amount and particulars of the demand now made upon him.

The exceptions of the defendant will therefore be overruled and he will be required to plead to the declaration as filed.